## G. E. JOHNSON v. W. G. DEAREN, ET AL.

**Removal of Sheriff—Record Made by the Court—Clerk's Certificate.**

Where the clerk certifies on appeal that the copy of the orders of the court is a full and complete copy of all the orders made in a cause, and since they could not be orders until signed by the judge, the Court of Appeals will assume that the clerk's certificate is correct, and that such orders were duly signed.

APPEAL FROM TAYLOR COUNTY COURT.

January 15, 1877.

OPINION BY JUDGE ELLIOTT:

This is an appeal from the judgment of the Taylor County Court by which the appellant, Johnson, was removed from the office of

sheriff of Taylor county, and the office declared vacant, because of the failure of the sheriff to give a new bond, and thereby release the appellees who were sureties on his sheriff's bond at the time of the motion made by them.

This judgment was rendered at the November term of the Taylor County Court, 1875. It appears that Johnson had been notified to appear at the October term of the court, 1875, and give such a sheriff's bond as would indemnify the appellees from future responsibility as his sureties; and the county court, by its order, directed appellant to give the required bond at the next or November term of the court, which he failed to do, and therefore the court, by its judgment, removed Johnson and declared the office of sheriff of Taylor county vacant.

The orders appear to have been made in accordance with the statutes of this state for the relief of the sureties of sheriffs and other officers. But it is contended that the orders of the county court in this case are all void because not signed by the judge of Taylor County Court at the terms at which they were made, nor since that time. The clerk of the Taylor County Court, at appellant's request, made out and duly certified to this court all the orders made in this cause in the Taylor County Court. His certificate states that the copy of the orders in this cause made out by him is a full and complete copy of all the orders made in the cause, and as they were not orders till signed by the presiding judge of the Taylor County Court, we must assume that the clerk's certificate is correct.

It is true he afterward copies similar orders of the Taylor County Court, and says in his certificate that those orders were not completed because the judge of the Taylor County Court failed to sign them; but this copy thus certified is no evidence that the first copy of the record of the Taylor County Court in this cause made out and duly certified is not correct. There has been no plea of nul tiel record to put the existence of the record in issue, and the only evidence that there is no such record is the clerk's certificate to some orders similar to the orders in this cause, which he certified had been correctly copied and sent up here by him, which similar orders he says were not signed by the judge of the Taylor County Court. We cannot permit a record filed by appellant himself to be avoided in this way, nor can we permit the clerk's last statement to overturn his certificate to the original copy of the record filed in this cause, and the judgment is therefore *affirmed*. This view of the case

18

avoids the necessity of deciding whether this court has jurisdiction of this appeal, which, we confess, is not clear.

*Alexander & Dickinson, Netherland & Montague,* for appellant.
*Robinson & Harrison,* for appellees.